UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUPERFOCUS HOLDINGS LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>ADLENS USA INC. and LENSCRAFTERS, INC.<br><br>    Defendants. | CIVIL ACTION<br>NO. _____ |

## COMPLAINT

Plaintiff Superfocus Holdings LLC alleges as follows:

### NATURE OF ACTION

1. This is a civil action for patent infringement.

### PARTIES

2. Plaintiff Superfocus Holdings LLC ("Superfocus") is a limited liability company organized under Delaware law, with its principal office located in Los Angeles, California.

3. On information and belief, Defendant Adlens USA Inc. ("Adlens") is a corporation organized under Delaware law, with an office located in Boston, Massachusetts.

4. On information and belief, Defendant LensCrafters, Inc. ("LensCrafters") is a corporation organized under Ohio law, with its principal office located in Mason, Ohio.

### JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, Title 35 of the United States Code.

6. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

7. On information and belief, Adlens maintains an office in Boston, Massachusetts, which is its sales and distribution hub for North and South America, and it conducts business in the Commonwealth of Massachusetts and this judicial district by selling, marketing, advertising and/or offering to sell its products/services.

8. This Court has personal jurisdiction over Adlens under the applicable provisions of federal and Massachusetts state laws, for example, because Adlens maintains, substantial, continuous, general, and systematic business contacts in Massachusetts such that it could reasonably be expected to be haled into court in Massachusetts.

9. On information and belief, Defendant LensCrafters operates numerous optical stores and conducts business in the Commonwealth of Massachusetts and this judicial district by selling, marketing, advertising and/or offering to sell its products and services.

10. This Court has personal jurisdiction over LensCrafters under the applicable provisions of federal and Massachusetts state laws, for example, because LensCrafters maintains, substantial, continuous, general, and systematic business contacts in Massachusetts such that it could reasonably be expected to be haled into court in Massachusetts.

11. On information and belief, evidence relevant to this action is located in this district, including at Adlens' office in Boston and LensCrafters' stores in this district.

12. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

**THE CONTROVERSY**

13. This case relates to a revolutionary invention -- adjustable focus eyeglasses. As people age, they develop a condition known as presbyopia, which involves loss of the human eye's ability to change focus. Once they have this condition, people with perfect far vision require magnifying lenses to enlarge nearby objects for reading and other near vision

activities. But for individuals with presbyopia who also require far vision correction, magnifying lenses alone will not provide adequate visual versatility. These individuals need to switch between multiple pairs of eyeglasses, each for a specific range of focus, or to wear eyeglasses with lenses having two or more physically distinct zones (like bifocals), with each zone having a different focal length.

14. Beginning in 1990, Dr. Stephen Kurtin developed groundbreaking inventions to address this problem. Dr. Kurtin invented adjustable focus eyeglasses that enable users with presbyopia to wear a single pair of glasses for viewing at any distance, and thereby eliminate the need to switch between multiple pairs of eyeglasses or to use eyeglasses with lenses having multiple different focal zones. Dr. Kurtin's revolutionary technology allowed users, for the first time, to use a single pair of glasses and to adjust their focus dynamically for optimal clarity through the entire lens, at any distance. Based on his groundbreaking and innovative inventions, Dr. Kurtin was awarded numerous United States and foreign patents.

15. In 2006, Superfocus LLC was founded to bring Dr. Kurtin's revolutionary technology to market.[1] Superfocus LLC was assigned Dr. Kurtin's relevant patents and/or the exclusive rights to practice and enforce such patents in the United States.

16. Beginning in 2009, Superfocus LLC began marketing its adjustable focus eyeglasses in the United States. The company developed a loyal customer base, and received extensive praise from its customers.

17. Superfocus LLC received numerous prestigious awards for its innovative and groundbreaking adjustable focus eyeglass technology, including the *Wall Street Journal* Technology Innovation Award, the *Popular Science* Best of What's New Award, and the *iF/International Forum Design* Award.

[1] Superfocus LLC was originally known as Zoom Focus Eyewear LLC. In October 2010, the company began doing business as Superfocus LLC.

18. During the time Superfocus LLC was marketing its revolutionary adjustable focus eyeglasses, Adlens became aware of Superfocus LLC's business and patented technology. Adlens executives held various discussions and meetings with representatives of Superfocus LLC to explore acquiring Superfocus LLC, potentially merging with Superfocus LLC, or other business transactions. During these discussions, Adlens executives learned about Superfocus LLC's patented technology and even toured Superfocus LLC's manufacturing facility. A deal was never reached between Adlens and Superfocus LLC. However, during or after these discussions, Adlens decided to seek to capitalize on Superfocus LLC's patented technology, goodwill, and favorable customer response, and Adlens announced it was planning to launch its own line of adjustable focus eyeglasses and to market these under the brand name "Focuss™" or a similar name.

19. Although Superfocus LLC's eyeglasses were very well received by customers, in 2014, due to financing issues, Superfocus LLC was forced to cease operations. Superfocus LLC entered into an Assignment for the Benefit of Creditors (an "ABC") under California law. Pursuant to the ABC, title to Superfocus LLC's assets, including its patents, was transferred to Insolvency Services Group, Inc. ("ISG") in trust for the benefit of Superfocus LLC's creditors. ISG established Superfocus Holdings LLC ("Superfocus") to seek to obtain value for the patents by selling them or enforcing them, and it assigned the patents to Superfocus.

20. Adlens began making adjustable focus eyeglasses patterned, in part, after Superfocus's eyeglasses and infringing one or more Superfocus patents. Adlens agreed with LensCrafters to market its adjustable focus eyeglasses in the United States, and Adlens and LensCrafters are marketing and selling infringing adjustable focus eyeglasses under the names "Focuss™," "CustomFocuss™" and/or "AdlensFocuss" (collectively, the "accused products"). By marketing and selling the accused products, Adlens and LensCrafters are infringing one or more Superfocus patents and improperly depriving Superfocus of the ability to obtain fair value for its patents.

## GENERAL ALLEGATIONS

21. Superfocus is the owner, by assignment, of all right, title, and interest in U.S. Patent No. 8,708,487 (the "'487 patent"), entitled "Adjustable Focus Eyeglasses With Eye-By-Eye Actuation." The '487 patent issued on April 29, 2014, with Dr. Kurtin as the named inventor. A copy of the '487 patent is attached as Exhibit A.

22. Adlens and LensCrafters are marketing, offering for sale, selling, using, and/or importing the accused products in LensCrafters stores throughout this District and other locations nationwide. These products infringe the '487 patent, including, but not limited to, claim 1 of the '487 patent.

23. Adlens' and LensCrafters' marketing, offering for sale, sale, use, and/or importation of infringing products is damaging and will continue to damage Superfocus, and will cause irreparable harm for which there is no adequate remedy at law, unless these wrongful acts are enjoined by this Court.

## COUNT I
### (Infringement of U.S. Patent No. 8,708,487)

24. Superfocus repeats and realleges, as if fully set forth herein, the allegations contained in all the preceding paragraphs.

25. Adlens and LensCrafters have infringed, and are continuing to infringe, one or more claims of the '487 patent (including, but not limited to, claim 1), either literally and/or under the doctrine of equivalents.

26. Adlens and LensCrafters have directly infringed, and will continue to directly infringe, one or more claims of the '487 patent by marketing, offering for sale, selling, using, and/or importing the accused products, in violation of 35 U.S.C. § 271(a).

27. On information and belief, Adlens was aware of the application leading to the '487 patent before the '487 patent issued, and it has been aware of the issuance of the '487 patent, and its infringement of the '487 patent, since soon after the '487 patent issued.

28. On information and belief, Adlens and LensCrafters are willfully infringing

5

and/or will continue to willfully infringe one or more claims of the '487 patent despite having knowledge of the '487 patent and despite an objectively high likelihood that the sale and use of the accused products would infringe one or more claims of the '487 patent.

29. Superfocus is entitled to recover from Adlens and/or LensCrafters the damages sustained as a result of Adlens' infringing acts in an amount not yet determined.

30. The '487 patent is a valuable asset of Superfocus. The technology covered by the '487 patent addresses a large market that is just beginning to be exploited. Superfocus intends to sell the '487 patent or license it exclusively. Allowing Adlens and LensCrafters to continue to import and sell products that infringe the '487 patent in the United States would erode the value of the '487 patent and would irreparably harm Superfocus' ability to sell or exclusively license the '487 patent and to obtain fair value for it. Remedies at law, such as monetary relief, would not be adequate because such continued infringement would diminish the '487 patent's value in an amount that could not be quantified.

31. For at least these reasons, Adlens' and LensCrafters' offer for sale, sale, use, and/or importation of the infringing products is damaging and will continue to damage Superfocus, causing it irreparable harm for which there is no adequate remedy at law, unless these wrongful acts are enjoined by this Court.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Superfocus demands a trial by jury on all issues properly triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Superfocus requests that the Court enter judgment in its favor and against Adlens and LensCrafters, granting the following:

A. Judgment that Adlens and LensCrafters have infringed one or more claims of the '487 patent;

B. Judgment that Adlens' and LensCrafters' infringement of the '487 patent has been willful;

C. An award of damages adequate to compensate Superfocus for Adlens' and LensCrafters' infringement, under 35 U.S.C. § 284, as well as prejudgment and post-judgment interest;

D. An order preliminarily and permanently enjoining Adlens and LensCrafters, and their officers, agents, and employees, and all those persons acting in concert or participation with them from further acts of infringement of the '487 patent;

E. An award of treble damages for willful infringement of the '487 patent;

F. An Order finding that Adlens' and LensCrafters' actions make this case exceptional under 35 U.S.C. § 285 and awarding Superfocus its reasonable attorneys' fees;

G. An award of costs and expenses in this action; and

H. An award to Superfocus of such other and further relief as this Court deems just and proper.

| | |
|---|---|
| Dated: November 18, 2014 | Respectfully submitted, |

**SUPERFOCUS HOLDINGS LLC**

By Its Attorneys,

/s/ Janice W. Howe
Janice W. Howe, BBO #242190
janice.howe@bingham.com
Lawrence T. Stanley, Jr., BBO #657381
lawrence.stanley@bingham.com
**BINGHAM MCCUTCHEN LLP**
One Federal Street
Boston, MA  02110-1726
Tel: 617-951-8000

Richard de Bodo (*pro hac vice* motion forthcoming)
rich.debodo@bingham.com
Andrew V. Devkar (*pro hac vice* motion forthcoming)
andrew.devkar@bingham.com
**BINGHAM MCCUTCHEN LLP**
1601 Cloverfield Boulevard
Suite 2050 North
Santa Monica, California 90404-4082
Tel: 310-907-1000